UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BACAREE Y. OAKS,

    Petitioner,

        v.                      Civil No. 25-cv-1300-JPG

UNITED STATES OF AMERICA,        Criminal No 21-cr-40070-JPG

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Bacaree Y. Oaks's[1] motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   On December 5, 2023, the petitioner pleaded guilty to two counts of distribution of 50 grams of more of methamphetamine in violation of 21 U.S.C. § 841(a) & (b)(1)(A)(viii).   On June 20, 2024, the Court sentenced the petitioner to serve 200 months in prison.   The petitioner did not appeal.

In his timely § 2255 motion, the petitioner raises the following claims of ineffective assistance of counsel in violation of his Sixth Amendment rights:

- Counsel failed to investigate and challenge information relating to Oaks's relevant conduct given by four individuals (Misty Pickering, Milen Suggs, Jesika Butler, and Brianna North) who never weighed the drugs they claimed to have bought from Oaks and who were never part of controlled buys involving measured quantities.   The petitioner suggests only the amounts involved in two controlled purchases (PSR ¶¶ 31 & 33) should have been used to calculate his relevant conduct;

---

[1] The petitioner lists his name on his petition as "Bacree Y. Oaks," and the BOP has him listed on its website the same way.   *See* BOP, Find an inmate, https://www.bop.gov/inmateloc/# (visited Mar. 30, 2026).   But the documents in the petitioner's criminal case, including the Second Superseding Indictment and the Judgment, name him as "Bacaree Y. Oaks," as does his civil case against the Jackson County Jail that arose during his pretrial detention, *Oaks v. Jackson County Jail*, Case No. 22-cv-2435.   The Court **DIRECTS** the Clerk of Court to change the spelling of Oaks's first name in this case to "Bacaree" so as to clearly indicate to the public the identity of the petitioner and the sentence he challenges.   The Court welcomes comment or explanation from the parties on these discrepancies.

- Counsel failed to challenge the 2-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon where the evidence in support was speculative or circumstantial;

- Counsel failed to object to the PSR's recommended relevant conduct and the 2-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon on the grounds that they were inconsistent with the plea agreement; and

- Counsel failed to file "any pretrial motions, including discovery requests, Brady motions, [and] motion to suppress co-defendant statements" Pet'r's Mem. 5 (Doc. 1-1).

Oaks seeks only to vacate his sentence and to have a new sentencing hearing; he does not challenge his guilt or seek to nullify his plea.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is foreclosed from relief.

Accordingly, the Court **ORDERS** the Government to file a response to the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   April 1, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**

2